AO 243 (Rev. 01/15)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

16-1020 JES

| United States District Court | District | Central District Illinois, Peoria Division |
|---|---|---|
| Name *(under which you were convicted)*: Charles W. Pollock, Jr. | | Docket or Case No.: 1:11-cr-10082-JES-JAG-1 |
| Place of Confinement: FMC Rochester, P.O. Box 4000, Rochester, MN 55903 | | Prisoner No.: 17675-026 |
| UNITED STATES OF AMERICA  v.  | Movant *(include name under which convicted)* CHARLES W. POLLOCK, JR. | |

FILED
JAN 19 2016
CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court
   Central District Illinois
   Peoria Division

   (b) Criminal docket or case number (if you know):  1:11-cr-10082-JES-JAG-1

2. (a) Date of the judgment of conviction (if you know):  8/6/2013

   (b) Date of sentencing:  8/5/2013

3. Length of sentence:  240 months imprisonment

4. Nature of crime (all counts):

   Count 1ss charged Pollock, Jr. with Felon in Possession for Firearms, in violation of 18 U.S.C. § 922(g) and § 924(a)(2).
   Count 2ss charged Pollock, Jr. with Possession of Ammunition by a Felon, in violation of 18 U.S.C. § 922(g) and § 924(a)(2).
   Count 3ss charged Pollock, Jr. with Attempt to Tamper with Witness by Corrupt Persuasion, in violaton of 18 U.S.C. § 1512(b)(2)(C).

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☐    No ☑

AO 243 (Rev. 01/15)                                                                                                      Page 3

9. If you did appeal, answer the following:
   (a) Name of court: United States Court of Appeals for the Seventh Circuit
   (b) Docket or case number (if you know): No. 13-2764
   (c) Result: Affirmed
   (d) Date of result (if you know): 8/27/2014
   (e) Citation to the case (if you know): USA v. Pollock, Jr., (No. 13-2764) (7th Cir. August 27, 2014)
   (f) Grounds raised:
   (1) The Court's failure to instruct the jury that it must unanimously agree on the specific firearm pssessed in order to sustain a conviction under 18 U.S.C. § 922(g)(1) violated Pollock's right to due process; (2) the government's repeated mischaracterization of two different witnesses' testimony about critical facts affected the defendant's substantial rights; (3) the Court erred in not adequately addressing the 18 U.S.C. § 3553(a) sentencing factors as a whole and in its decision to apply a consecutive sentence, in applying the USSG § 5K2.9 policy statemnt, in imposing an alternate sentence, and in imposing a substantively unreasonable sentence; (4) the Douct erred in applying the relevant conduct and cross-reference Guidelines; and (5) the Court erroneously imposed an alternate sentence that included a crime-of-violence enhancement and a finding that the firearms did not constitute a collection.

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes [✔]     No [ ]
       If "Yes," answer the following:
       (1) Docket or case number (if you know): No. 14-7172
       (2) Result: Denied.

       (3) Date of result (if you know): 1/12/2015
       (4) Citation to the case (if you know): Pollock v. United States, (No. 14-7172)(S. Ct. January 12, 2015)
       (5) Grounds raised:
       N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes [ ]    No [✔]

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know):

        (4) Nature of the proceeding: N/A
        (5) Grounds raised: N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☑
(7) Result:  N/A
(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:
    (1) Name of court:  N/A
    (2) Docket of case number (if you know):  N/A
    (3) Date of filing (if you know):
    (4) Nature of the proceeding:  N/A
    (5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?
    Yes ☐    No ☑
(7) Result:  N/A
(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?
    (1) First petition:    Yes ☐    No ☑
    (2) Second petition:   Yes ☐    No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

1:16-cv-01020-JES # 1 Page 4 of 14

AO 243 (Rev. 01/15) Page 5

**GROUND ONE:** Ineffective Assistance of Pretrial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Pretrial counsel failed to:

1. Counsel failed to conduct an adequate pretrial investigation;
2. Counsel failed to file any substantive pretrial motions;
3. Counsel failed to properly inform Pollock, Jr. of the consequences of pleading guilty as opposed to proceeding to trial including the maximum sentence if he was convicted at trial;
4. Counsel failed to properly communicate with Pollock, Jr. including not providing discovery so that he could make an informed decision with regard to pleading guilty or proceeding to trial; and
5. Counsel failed to attempt to negotiate a favorable Plea Agreement for Pollock, Jr.

(b) **Direct Appeal of Ground One:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
    Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:
  Claims of ineffective assistance of counsel are not generally raised on direct appeal, but are properly raised in a 28 U.S.C. § 2255 proceeding.

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
    Yes ☐   No ☑
  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed:
  N/A
  Docket or case number (if you know): N/A
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):
  N/A

  (3) Did you receive a hearing on your motion, petition, or application?
    Yes ☐   No ☑
  (4) Did you appeal from the denial of your motion, petition, or application?
    Yes ☐   No ☑
  (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
    Yes ☐   No ☑

AO 243 (Rev. 01/15)                                                                                                          Page 6

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:
N/A

**GROUND TWO:** Ineffective Assistance of Trial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Sentencing counsel's failure to:

(1) prepare for trial and interview witnesses which would have refuted the government case-in-chief;
(2) object to a jury instruction on the ground that it lack "specific firearm" language; and
(3) object to the prosecutor's mischaracterization of certain pieces of evidence deprived Pollock of effective assistance of trial counsel and a fair and just verdict.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☑

(2) If you did not raise this issue in your direct appeal, explain why:
N/A

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☑

AO 243 (Rev. 01/15)                                                                                                                                  Page 7

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐   No ☒

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐   No ☒

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐   No ☒

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND THREE:** Ineffective Assistance of Appellate counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Appellate counsel's failure to:

(1) communicate with Pollock regarding his direct appeal;
(2) allow Pollock to participate in his appeal; and
(3) raise stronger meritorious issues which were available and ripe for dispostion deprived Pollock of effective assistance of appellate counsel and a fair and meaningful appellate review.

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐    No ☑

    (2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐    No ☑

    (2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐    No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐    No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐    No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

AO 243 (Rev. 01/15)                                                                                                Page 9

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) **Direct Appeal of Ground Four:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐   No ☑
  (2) If you did not raise this issue in your direct appeal, explain why:

N/A

(c) **Post-Conviction Proceedings:**
  (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐   No ☑

  (2) If you answer to Question (c)(1) is "Yes," state:
  Type of motion or petition: N/A
  Name and location of the court where the motion or petition was filed:
  N/A
  Docket or case number (if you know): N/A
  Date of the court's decision:
  Result (attach a copy of the court's opinion or order, if available):
  N/A

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐  No ☑

    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐  No ☑

    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐  No ☑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

    (7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

All of the grounds claim ineffective assistance of counsel which are not properly raised on direct appeal, but are properly raised in a 28 U.S.C. § 2255 proceeding.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

N/A

AO 243 (Rev. 01/15) Page 11

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

   (a) At the preliminary hearing:
   Karl W. Bryning, 401 Main Street, Suite 1500, Peoria, IL 61602

   (b) At the arraignment and plea:
   Jeffrey L. Flanagan, 411 Hamilton Boulevard, Suite 1020, Peoria, IL 61602

   (c) At the trial:
   Anthony W. Vaupel, 256 S. Soangethaha Road, Galesbury, IL 61401

   (d) At sentencing:
   Anthony W. Vaupel, 256 S. Soangethaha Rd., Galesburg, IL 61401

   (e) On appeal:
   Anthony W. Vaupel, 256 S. Soangethaha Rd., Galesburg, IL 61401

   (f) In any post-conviction proceeding:
   N/A

   (g) On appeal from any ruling against you in a post-conviction proceeding:
   N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐   No ☑

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
   N/A

   (b) Give the date the other sentence was imposed:
   (c) Give the length of the other sentence: N/A
   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

   N/A

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, Pollock, Jr. respectfully requests that the Court grant the following relief:

Vacate his conviction and sentence to start anew; alternatively, grant an Evidentiary hearing to further prove his grounds set forth above, resolve facts in dispute, expand an incomplete record or any other relief to which this Court deems that he may be entitled.

Respectfully submitted,

Charles W. Pollock, Jr.
Reg. No. 17675-026
FCI Rochester
Federal Medical Center
P.O. Box 4000
Rochester, MN 55903
Appearing *Pro Se*

### DECLARATION OF CHARLES W. POLLOCK, JR.

I, Charles W. Pollock, Jr., declarant herein, declare and attest to the facts in the above and foregoing Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody to be true and correct to the best of my knowledge under the penalty of perjury pursuant to 28 U.S.C. § 1746. I placed this § 2255 Motion in the prison mailbox on the date below invoking the prison mailbox rule. See *Houston v. Lack*, 487 U.S. 266, 270 (1988).

Dated: January 7, 2016.

Charles W. Pollock, Jr.

Charles W. Pollock, Jr.
Reg. No. 17675-026
FMC Rochester
Federal Medical Center
P.O. Box 4000
Rochester, MN 55903

January 7, 2016

Clerk, U. S. District Court
Central District Illinois
Peoria Division
309 U.S. Courthouse
100 N.E. Monroe Street
Peoria, IL 61602

    RE:  *United States v. Charles W. Pollock, Jr.*
           Criminal No. 1:11-cr-10082-JES-JAG-1

To the Clerk of the Court:

Enclosed please find and accept for filing a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Memorandum of Law in Support. Please submit this Motion and Memorandum to the Court.

Thank you for your assistance in this matter.

                            Sincerely,

                            Charles W. Pollock, Jr.
                            Appearing *Pro Se*

Encl. as noted

<s>
1:16-cv-01020-JES   # 1    Page 14 of 14



⇦17675-026⇦
Clerk U S District Court
100 NE Monroe ST
Peoria, IL 61602
United States

COMMITTED NAME: Charles Pollock
REG. NO. & QTRS.: 17675-026 2/1
FEDERAL MEDICAL CENTER
PMB 4000
ROCHESTER, MN 55903-4000

CERTIFIED MAIL

7009 1680 0000 3284 6154