IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT PEORIA

| | | |
|---|---|---|
| CHARLES POLLOCK, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 16-1020 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S § 2255 MOTION**

Now comes the United States of America by James A. Lewis, United States Attorney for the Central District of Illinois, and K. Tate Chambers, Assistant United States Attorney for the Central District of Illinois, and in response to the petitioner's 28 U.S.C. § 2255 motion objects to the same. In support of its objection the government provides the following:

I.  **PROCEDURAL HISTORY**

On September 15, 2011, a single count indictment charging Charles Pollock, Jr. with being a felon in possession of a firearm was filed in U.S. District Court in the Central District of Illinois (Peoria). On November 16, 2011, a superseding indictment was filed adding the charge of possession of ammunition by a felon. On May 17, 2012, a second superseding indictment was filed, adding the charge of attempt to tamper with a witness by corrupt

1

persuasion. The case proceeded to trial on February 4, 2013. On February 7, 2013 the jury returned a guilty verdict on counts 1, 2 and 3 of the second superseding indictment. The defendant was sentenced on August 5, 2013, to 120 months on counts 1 and 2 consecutive to 120 months on count 3, for a total of 240 months. The defendant filed a timely notice of appeal on August 12, 2013. The Seventh Circuit Court of Appeals affirmed the District Court's judgment on August 27, 2014. A petition for writ of certiorari was filed with the United States Supreme Court, and the petition was denied on January 12, 2015. The Petitioner filed his motion seeking relief under 28 U.S.C. § 2255 on January 19, 2016.

## II.   THE § 2255 MOTION IS UNTIMELY

Petitioner's conviction became final on January 12, 2015. Pursuant to 28 U.S.C. § 2255(f), Petitioner had a 1-year statute of limitations period to file his § 2255 motion. It was not filed until January 19, 2016. His petition is untimely since a conviction becomes final for purposes of the 1-year limitations period in § 2255 when the defendant's petition for certiorari is denied. *United States v. Marcello*, 212 F.3d 1005, 1008 (7th Cir. 2000).

The Petitioner makes no effort to explain his cause for the delay. The motion to vacate is procedurally barred by the 1-year statute of limitations.

### III.   THE PETITIONER'S MOTION

At the pretrial stage of his case, the Petitioner was represented at different times by Joseph Bornsberry, Karl Bryning, Jeffrey Flanagan, and Anthony Vaupel.  In his motion, the Petitioner claims he received ineffective assistance of pretrial counsel because:

1. Counsel failed to conduct an adequate pretrial investigation;
2. Counsel failed to file any substantive pretrial motions;
3. Counsel failed to properly inform Pollock, Jr. of the consequences of pleading guilty as opposed to proceeding to trial including the maximum sentence if he was convicted at trial;
4. Counsel failed to properly communicate with Pollock, Jr. including not providing discovery so that he could make an informed decision with regard to pleading guilty or proceeding to trial, and;
5. Counsel ailed to attempt to negotiate a favorable Plea Agreement for Pollock, Jr.

At trial, Petitioner was represented by Anthony Vaupel.  Petitioner claims he received ineffective assistance of trial counsel because counsel failed to:

1. Prepare for trial and interview witnesses which would have refuted the government's case-in-chief;
2. Object to a jury instruction on the ground that it lacked "specific firearm: language, and;

3. Object to the prosecutor's mischaracterization of certain pieces of evidence deprived Pollock of effective assistance of trial counsel and a fair and just verdict.

On direct appeal the Petitioner was represented by Sarah Schrup. Pollock claims he received ineffective assistance of Appellate counsel because Appellate counsel failed to:

1. Communicate with Pollock regarding his direct appeal;
2. Allow Pollock to participate in his appeal, and;
3. Raise stronger meritorious issues which were available and ripe for disposition, which deprived Pollock of effective assistance of appellate counsel and a fair and meaningful appellate review.

## IV.  AFFIDAVITS SUBMITTED FROM COUNSEL

In response to the Court's order dated February 12, 2016, finding that the Petitioner had waived attorney/client privilege with regard to his prior counsel, his five prior counsel, Karl Bryning, Joseph Bornsberry, Jeffrey Flanagan, Anthony Vaupel, and Sarah Schrup, submitted affidavits addressing the Petitioner's claims.[1]

**Assistant Federal Defender Karl Bryning**

---

[1] Each Affidavit is attached to this response and labeled "AFF1" through "AFF5."

In response to the Petitioner's allegations regarding his pretrial representation, Assistant Federal Defendant Karl Bryning swore in his affidavit (AFF1):

> Q: Did counsel attempt to conduct a pretrial investigation?
> A: Yes
> Q: Did counsel file or attempt to file substantive pretrial motions?
> A: Counsel was appointed on August 23, 2011, replaced by private counsel on September 28, 2011, and did not file or attempt to file substantive pretrial motions during that time. (See docket at 19 and 20) Counsel was reappointed on February 14, 2012, withdrawn on May 9, 2012, and filed Motion for Release of Brady Materials; Motion for Disclosure *Rule 404(b)*; Motion for Discovery *Rule 16*; Motion in Limine (*Prior Felony Convictions*) during that time period. (See docket at 28-31).
> Q: Did counsel make an attempt to inform the petitioner of the consequences of pleading guilty as opposed to trial, and inform the petitioner of the maximum sentence if he was convicted at trial?
> A: Yes.
> Q: did counsel make any attempt to negotiate a favorable plea agreement for the petitioner?
> A: Yes

**Attorney Joseph Bornsberry**

In his affidavit addressing his pretrial representation, Attorney Joseph Bornsberry swears (AFF2):

Affiant states that he was counsel for Defendant in the United States District Court, Central District of Illinois, Peoria Division case known as Case No. 11-10082.

Affiant further states that Defendant retained Borsberry Law Offices, P.C., and said firm entered their appearance on behalf of Defendant.

Affiant further states that Defendant has indicated to counsel his intent to retain alternate counsel for representation in this matter.

Affiant further states that Defendant has indicated his consent to the withdrawal of Borsberry Law Offices P.C.

(a). Affiant further states he did personally conduct a pretrial investigation in this cause, including reviewing discovery, meeting personally with the client at the Knox County Jail, interviewing a potential witness for trial, Larry "Todd" Clayes, whom I thought was a liar and was attempting to perpetrate a fraud upon the court with Mr. Pollock.

(b). Affiant's records show I drafted and a revised Motion to Vacate Detention Order, but I cannot recall if it was filed as the issues may have been moot due to other state bonds. Affiant did not file and other substantive pre-trial motions as early in the scope of my representation I saw issues of fact rather than law and began preparing for a jury trial. Thereafter, Mr. Pollock indicated he was hiring alternate counsel.

(c). Affiant received a plea offer for Mr. Pollock, but he indicated he wanted a trial. Subsequently, Mr. Pollock hired new counsel.

(d). Affiant further states he did personally interview Larry "Todd" Clayes who would have attempted to refute the government's case, but I thought he was a liar and was attempting to perpetrate a fraud upon the court with Mr. Pollock.

(AFF2)

**Attorney Jeffrey Flanagan**

Regarding his pretrial representation, Attorney Jeffrey Flanagan swears in his affidavit (AFF3):

A. Question: Did counsel attempt to conduct a pretrial investigation?
Answer: Yes. Counsel thoroughly reviewed all discovery and reviewed same with client and discussed with client any and all possible discrepancies, defenses and additional information that may have proven useful at a trial, including potential witnesses.
B. Question: Did counsel file or attempt to file any substantive pretrial motions?
Answer: Yes.
Motion for Miscellaneous Relief filed July 3, 2012, Document #36
Motion in Limine filed September 10, 2012, Document #39
Motion to Suppress Evidence filed September 10, 2012, Document #40
C. Question: Did counsel make an attempt to inform the petitioner of the consequences of pleading guilty as opposed to proceeding to trial, and inform the petitioner of the maximum sentence if he was convicted?
Answer: Yes.
D. Question: Did counsel make any attempt to negotiate a favorable plea agreement for the petitioner?
Answer: Yes. (AFF3)

**Attorney Anthony Vaupel**

Attorney Anthony Vaupel represented the petitioner at trial. In response to the petitioner's allegations, Mr. Vaupel states (AFF4):

I kept Mr. Pollock reasonably informed and solicited his input on all major aspects of the case.

a. I met with Mr. Pollock for one hour or more on October 10 & 31, 2012; January 9, 15, 24 & 26, 2013; February 1, 4, 6, 22 & 25, 2013; and May 3, 2013.

b. I also sent letters to Mr. Pollock on October 26, 2012; November 16 & 26, 2012; December 10 & 14, 2012; January 2, 10 & 25, 2013; February 8 & 18, 2013; March 1, 2013; April 30, 2013; May 7, 2013; June 5 & 12, 2013; July 2 & 24, 2013

I did conduct a pretrial investigation including, but not limited to the following:

a. Discussing the case with Mr. Pollock;
b. Reviewing materials provided to me by Mr. Pollock;
c. Reviewing all materials provided to me by the Government including videos, police reports, audio recordings, criminal histories, etc.
d. Reviewing the transcripts of the trial that took place in Knox County;
e. Meeting with and talking to various witnesses;
f. Obtaining court records;
g. Issuing FOIA requests;
h. Traveling to the home of the defendant to evaluate the veracity of the police reports, take pictures for possible later use, prepare for the motions to suppress.

I did file pretrial motions. Those motions were:

8

   a. Second Motion to Suppress, docket #42;
   b. Third Motion to Suppress, docket #43;
   c. Motion for New Trial, docket #73; and
   d. Amended Motion for New Trial, docket #74.

I did inform Mr. Pollock of the minimum and maximum penalties, the offers by the Government, and possible sentences under the advisory guidelines.
I made several attempts to negotiate a favorable plea agreement for Mr. Pollock. Mr. Pollock rejected all offers by the government.

I did prepare for Mr. Pollock's trial and interviewed a number of witnesses. No witnesses supported Mr. Pollock's version of events or substantially refuted any aspect of the Government's case.
I have no independent recollection or notes regarding an objection to a jury instruction regarding a "specific firearm." Any objection would have been made in open court and made part of the record.

I made several objections but do not recall any specific objection. Any objections would have been made in open court and made part of the record. (AFF4)

   **Attorney Sarah Schrup**

   Finally, Attorney Sarah Schrup provided an affidavit stating the following in regards to her representation of the petitioner on direct appeal (AFF5):

   2. I communicated with Mr. Pollock via mail, telephone and an in-person visit. I have reviewed my timesheets and have ascertained that I sent correspondence to Mr. Pollock about his appeal, including letters enclosing

the case record and draft and final briefs, on the following dates: August 26, 2013; August 29, 2013; September 13, 2013; November 11, 2013; November 26, 2013; February 5, 2014; August 21, 2014; January 5, 2015; and January 16, 2015.  I held telephone calls with him on the following dates: September 11, 2013; November 1, 2013; April 16, 2014; July 8, 2015; July 31, 2015; and January 16, 2015.  The students who worked on his appeal and I visited Mr. Pollock in jail on October 10, 2013.

3. During these calls and in our correspondence, we conferred with Mr. Pollock about his appeal and we listened to his suggestions about the course of the appeal. I believe that Mr. Pollock was able to meaningfully participate in his appeal.

4. On appeal we raised five issues, one related to juror unanimity, one related to prosecutorial misstatements during trial and sentencing; and three sentencing-related issues. We thoroughly reviewed the record and I believe we raised the most meritorious issues on appeal. I have not been made aware of a meritorious issue that we should have raised but did not. (AFF5)

V.     **LEGAL FRAMEWORK**

A Petitioner may avail himself of § 2255 relief only if he can show that there are flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice.  *Boyer v. United States*, 55 F.3d 296, 298 (7th Cir. 1995).  Section 2255 is limited to

correcting errors that vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude. *Scott v. United States*, 997 F.2d 340, 341 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.  Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) non-constitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717, 719-20 (7th Cir. 1994).

A claim of ineffective assistance of counsel is appropriate to bring in a § 2255 motion.  To prevail on such a claim, however, a Petitioner must show that his attorney's performance was objectively unreasonable and that such performance prejudiced the petitioner. See, e.g., *Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).  The courts must

indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 690.  A prisoner must also prove that he has been prejudiced by his counsel's representation by showing a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694.  Absent a sufficient showing of both error and prejudice, a petitioner's claim must fail. *Strickland*, 466 U.S. at 697.

In evaluating an attorney's performance, "courts must defer to any strategic decision the lawyer made that falls within the 'wide range of reasonable professional assistance,' even if that strategy was ultimately unsuccessful." *Shaw v. Wilson*, 721 F.3d 908, 914 (7th Cir. 2013)

The standards for establishing ineffective assistance of counsel when handling appeals are identical to those established by *Strickland*. *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).  An appellate counsel's performance is deficient if he or she fails to argue an issue that is both obvious and clearly stronger than the issues raised. *Lee v. Davis*, 328 F.3d 896, 900-01 (7th Cir. 2003).  However, counsel is not required to raise every non-frivolous issue on appeal. *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996).  There is a strong presumption that counsel's performance is reasonable and this presumption has particular force when the ineffective assistance claim is based solely on the trial court record. *Yarborough v. Gentry*, 540 U.S. 1, (2003).

Additionally, prior rejection of claims by the Seventh Circuit establishes the law of the case and precludes further examination of said claims. "[O]nce [the Seventh Circuit] has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a district judge asked to decide the same issue in a later phase of the same case", *United States v. Mazak*, 789 F.2d 580, 581 (7th Cir. 1986).

## VI.    THE PETITIONER'S ALLEGATIONS ARE UNSUPPORTED

In his petition Pollock claims in Ground One that his pretrial counsel: failed to conduct an adequate pretrial investigation; failed to file any substantive pretrial motions; failed to properly inform Pollock, Jr. of the consequences of pleading guilty as opposed to proceeding to trial including the maximum sentence if he was convicted at trial; failed to properly communicate with Pollock, Jr. including not providing discovery so that he could make an informed decision with regard to pleading guilty or proceeding to trial, and; failed to attempt to negotiate a favorable Plea Agreement for Pollock, Jr.

In Ground Two Pollock claims that his trial counsel failed to: prepare for trial and interview witnesses which would have refuted the government's case-in-chief; object to a jury instruction on the ground that it lacked "specific firearm: language, and; object to the prosecutor's mischaracterization of certain pieces of

13

evidence deprived Pollock of effective assistance of trial counsel and a fair and just verdict.

In Ground Three Pollock claims that his appellate counsel: failed to communicate with Pollock regarding his direct appeal; failed to allow Pollock to participate in his appeal, and; [should have] raise[d] stronger meritorious issues which were available and ripe for disposition, which deprived Pollock of effective assistance of appellate counsel and a fair and meaningful appellate review.

The Petitioner offers no supporting facts or arguments for any of his claims. He simply makes unsupported, unsubstantiated, bullet-point claims. Those claims are directly refuted by his counsel in sworn statements.

In alleging deficient performance, a petitioner is required to "identify the acts or omissions of counsel that are unreasonable." *United States v. Hodges*, 259 F.3d 655, 658 (7th Cir. 2001). Moreover, "[a] party must present evidence, not mere conclusory allegations" to support a claim that counsel's performance was deficient in a certain respect. *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991). See also *Enoch v. Gramley*, 70 F.3d 1490, 1498-99 (7th Cir. 1995) (where the petitioner "makes conclusory or speculative allegations rather than specific factual allegations" in support of an ineffectiveness claim, he is not entitled to an evidentiary hearing, and his claim fails). To prevail, a petitioner must overcome

the strong presumption that his counsel's performance fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689-90 (finding that the reviewing court is to use a "highly deferential" standard of review to evaluate "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct"). Here, Pollock has made claims with absolutely no factual or legal support. His claims of ineffective assistance should fail.

### VII. NO EVIDENTIARY HEARING IS NECESSARY TO DECIDE PETITIONER'S § 2255 MOTION

Evidentiary hearings are not required in § 2255 cases where there is no reason to suppose that a hearing would produce evidence justifying relief. *United States v. Taglia*, 922 F.2d 413, 419 (7th Cir. 1991) A hearing is warranted only if the petitioner alleges facts that, if proven, would entitle him to relief, *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995), but the Court may resolve the issues in a § 2255 motion without a hearing where the factual matters raised may be resolved on the record. *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). The petitioner herein has not pleaded facts justifying either a hearing or any relief. A claim on ineffective assistance of counsel must be supported by objective evidence, not self-serving speculations. *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004). The Court should decide this § 2255 motion on the existing record.

## VIII.  CONCLUSION

WHEREFORE, for the reasons stated above, the United States respectfully requests this Court to enter an order dismissing the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 with prejudice.

Respectfully submitted,

UNITED STATES OF AMERICA

JAMES A. LEWIS
*UNITED STATES ATTORNEY*

By:  /s/K. Tate Chambers
Assistant United States Attorney
One Technology Plaza
211 Fulton Street, Suite 400
Peoria, Illinois 61602
Tel: 309-671-7050
Fax: 309-671-7259

**CERTIFICATE OF SERVICE**

I hereby certify that on March 18, 2016, I caused the foregoing response and attachments to be electronically filed with the Clerk of the Court using the CM/ECF system. I further certify that on the same date, I placed a copy in the United States Mail, First Class and postage prepaid, addressed to:

Charles W. Pollock, Jr.,  Reg. No. 17675-026
Rochester FMC
Federal Medical Center
Inmate Mail/Parcels
P.O. Box 4000
Rochester, MN 55903                         /s/ Allison Ramsdale
                                            Allison Ramsdale
                                            Paralegal Specialist