UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES POLLOCK, JR.,                )<br>                                                      )<br>            Petitioner,                      )<br>                                                      )<br>       v.                                           )        Case No. 16-1020<br>                                                      )<br>UNITED STATES OF AMERICA,  )<br>                                                      )<br>            Respondent.                  ) | |

## O R D E R

This matter is now before the Court on Petitioner, Charles Pollock's ("Pollock"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Pollock's § 2255 Motion [1] is DENIED.

### BACKGROUND

On September 15, 2011, Pollock was indicted on a charge of being a felon in possession of a firearm (Count 1) in the United States District Court for the Central District of Illinois. A superceding indictment subsequently added a charge of possession of ammunition by a felon (Count 2), and on May 17, 2012, a charge was added for attempt to tamper with a witness by corrupt persuasion (Count 3) via Second Superceding Indictment. Following a jury trial, he was found guilty on all three counts and sentenced to 120 months of imprisonment on Counts 1 and 2 with both to be served consecutively to 120 months' imprisonment on Count 3, for a total of 240 months' imprisonment. Pollock pursued a direct appeal to the Seventh Circuit. The Court of Appeals affirmed his conviction and sentence on August 27, 2014. *United States v. Pollock*, 757 F.3d 582 (7th Cir. 2014). His Petition for Writ of Certiorari was denied by the Supreme Court on January 12, 2015.

Pollock now brings this § 2255 motion, raising numerous claims of ineffective assistance of counsel: (1) pretrial counsel was ineffective for failing to conduct an adequate pretrial investigation, file any substantive pretrial motions, properly inform him of the consequences of pleading guilty as opposed to proceeding to trial, properly communicate with him by providing discovery for his review so that he could make an informed decision about going to trial, or attempt to negotiate a favorable plea agreement; (2) trial counsel was ineffective for failing to prepare for trial and interview witnesses that could have refuted the Government's case, object to a jury instruction for omitting specific firearm language, and object to the prosecutor's mischaracterization of certain pieces of evidence; and (3) appellate counsel was ineffective for failing to communicate with him regarding his direct appeal, allow him to participate in his appeal, and raise stronger meritorious issues that were available and ripe for disposition. The Government has filed its response, and this Order follows.

## DISCUSSION

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1)

issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id.*, at 687-88; *Wyatt v. United States*, 574 F.3d 455, 458-59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*, at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991).

Pollock contends that pretrial, trial, and appellate counsel were all ineffective in multiple ways. During his District Court proceedings, he was represented by four different attorneys, Joseph Borsberry, Karl Bryning, Jeffrey Flanagan, and Anthony Vaupel. He was then represented by Sarah Schup on appeal. Pollock's ineffective assistance of counsel claims are unsupported; he simply makes the bald assertion without explanation or factual support. In his traverse, he attempts to cure this deficiency. However, he still provides no evidence to support his allegations of counsel's

deficient performance, apart from his naked assertions.  While he complains that he was denied discovery and grand jury transcripts to support his claims, evidence could have been as simple as his own sworn affidavit attesting to his allegations.  *Galbraith v. United States*, 313 F.3d 1001, 1008-09 (7th Cir. 2002), *citing Duarte v. United States*, 81 F.3d 75, 76 (7th Cir. 1996).  Pollock presents no sworn affidavit from either himself or any of his counsel or any other admissible evidence supporting his version of his attorneys' conduct during their representation of him.  As a result of failing to satisfy this threshold determination, the Court finds no need for an evidentiary hearing in this matter. *Id.*; *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995); *United States v. Jordan*, 870 F.2d 1310, 1318 (7th Cir. 1989); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996).

      Pollock's former counsel did, however, submit sworn affidavits in this matter that contradict his bald assertions.  Attorney Bryning represented Pollock for approximately one month around the time of his indictment, during which time he could not have accomplished much, but was reappointed for a three month period in early 2012, when counsel filed pretrial motions for discovery, 404(b) evidence, *Brady* materials, and intent to use prior felony convictions.  Attorney Bryning further attests to having attempted to conduct an investigation, had plea discussions with Pollock, and attempted to negotiate a favorable plea on his behalf.  Attorney Borsberry was retained and replaced, but during his representation, he reviewed discovery, met with Pollock, interviewed a potential witness, prepared a motion to vacate detention order, and received a plea offer that Pollock rejected because he "wanted a trial."  Attorney Flanagan stated that he reviewed all discovery with Pollock and discussed discrepancies/defenses/potential witnesses, filed several motions including a motion to suppress, attempted to discuss the pros and cons of pleading guilty vs. going to trial with him, and attempted to negotiate a favorable plea offer.  Attorney Vaupel represented Pollock at trial and attested that he met with him for an hour or more on at least 12 occasions, sent him letters on at least 17 occasions, reviewed materials provided by both Pollock and

the Government, reviewed his state trial transcripts, interviewed witnesses, obtained court records, viewed Pollock's home to evaluate the veracity of the police reports, filed motions to suppress, a motion for a new trial, and an amended motion for new trial, discussed potential maximum and minimum penalties with Pollock, attempted to negotiate a favorable plea deal but Pollock rejected all offers, prepared for trial, interviewed trial witnesses (none of which supported Pollock's version of the events or refuted any significant aspect of the Government's case), and made objections that are part of the record. Attorney Schrup prepared an appellant's brief, reply brief, petition for rehearing, and petition for certiorari, communicated with Pollock via six phone calls, one in-person visit, and nine letters, considered Pollock's input, and raised what in her opinion were the most meritorious issues on appeal.

On appeal, the Seventh Circuit clearly rejected Pollock's claim that the jury had to unanimously determine what specific kind of firearm was possessed, rendering his jury instruction argument without merit. The Court of Appeals also found the objections to "mischaracterizations" by prosecutors did not prejudice Pollock, and deemed the evidence sufficient to support his conviction and sentence. Appellate counsel need not advance every conceivable argument on appeal, and assistance of counsel is constitutionally ineffective only if counsel fails to raise issues that are "obvious" and "clearly stronger than the ones raised." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir.1994). While appellate counsel may be "constitutionally deficient in omitting a dead-bang winner even while zealously pressing other strong (but unsuccessful) claims," this is not the argument that is made in this petition. *Page v. United States*, 884 F.2d 300, 302 (7th Cir.1989). Pollock has not identified any specific issue that was obvious and clearly stronger than the arguments raised, much less a "dead-bang winner" that was ignored. Rather, he makes the bald assertion that counsel failed to raise an unspecified issue that would have warranted a new trial. This is plainly insufficient to establish ineffective assistance under *Strickland*.

As Pollock has failed to meet his burden of supporting his claims by admissible evidence, his § 2255 motion must be denied.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that Pollock's claims were not either barred from consideration, devoid of factual support, or previously rejected on appeal. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons set forth herein, Pollock's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 [#1] is DENIED, and any other pending motions are MOOT. This matter is now terminated.

ENTERED this 7th day of December, 2016.

    s/ James E. Shadid
    James E. Shadid
    United States District Judge